Case 3:09-cv-01526-M   Document 25   Filed 02/08/10   Page 1 of 9   PageID 324

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD PAUL KRAFT, 32199-044,<br>    Plaintiff,<br>v.<br><br>DAVID BERKEBILE, WARDEN,<br>FEDERAL CORRECTIONAL<br>INSTITUTION SEAGOVILLE,<br>    Defendant. | No. 3:09-CV-1526-M<br>ECF |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and an Order in implementation thereof. Donald Paul Kraft ("Petitioner") is an inmate currently incarcerated at the Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). Plaintiff filed an Amended Complaint, challenging under the Second Chance Act[1] the lawfulness of his assignment for a period of only 30-60 days to an Residential Reentry Center ("RRC") (Am. Compl.) M. Cruz, Warden of FCI Seagoville ("Defendant") has been served and is the proper Defendant in this proceeding.[2] The findings, conclusions, and recommendation of the United States Magistrate Judge follow:

---

[1] The Second Chance Act of 2007 ("the SCA"), Pub.L. No. 110-199, 122 Stat. 657, 18 U.S.C. § 3621(b).

[2] M. Cruz is the current Warden of FCI Seagoville. The Court substitutes her for David Berkebile, formerly Warden of FCI Seagoville. See Fed. R. Civ. P. 25(d). The Clerk shall amend the docket to reflect the change.

## Background[3]

On December 16, 2005, in the Eastern District of Missouri, Plaintiff was sentenced to a 63-month term of imprisonment with a life sentence of supervised release for Transportation of Child Pornography (18 U.S.C. § 2252A(a)(1). (Doc. 9, Ex. 1 at 1.) Plaintiff's projected release date is July 11, 2010, via Good Conduct time release, assuming he receives all available Good Conduct Time sentence credit. (*Id.*) The BOP referred Plaintiff for a 60-day pre-release placement in a Residential Reentry Center ("RRC").[4] (Gov. Ex. 1 at 4.) The referral was the result of evaluating Plaintiff's eligibility for pre-release under the guidelines of the SCA. (*Id.*) The purpose of the SCA is to assist pre-releasees in obtaining the greatest likelihood of successful reintegration into the community. (*Id.* at 5.) After the passing of the Adam Walsh Act, Plaintiff alleges that the BOP promulgated a "policy" that sex offenders may only be recommended for 30-60 days of RRC or "Halfway House," that such "policy" violates the SCA, and that 30-60 days is not sufficient time to provide him with a successful reintegration into the community. Plaintiff has exhausted his administrative remedies.

## Nature of Action

In his Amended Complaint, Plaintiff, proceeding pro se, attempts to allege causes of action pursuant to 42 U.S.C. § 1983 and/or *Bivens*,[5] as well as the Administrative Procedures Act. (Am. Compl. 1, 21-24.) However, Plaintiff also urges the Court to construe his pleadings liberally to

---

[3] The background is taken from various filings in this action, as well as the Court's judicial notice of Plaintiff's criminal action that resulted in the federal incarceration.

[4] "RRCs" were previously known as Community Corrections Centers ("CCC's") and are sometimes referred to as "halfway houses." The Court will use these terms interchangeably.

[5] The constitutional violations Plaintiff attempts to allege under § 1983 and/or *Bivens* include violations of the Equal Protection Clause, the Contracts Clause, the Takings Clause, and the Ex Post Facto Clause.

achieve justice. The Court notes that the Fifth Circuit Court of Appeals affirmed a district court decision construing a petition seeking a writ of habeas corpus as a § 1983 civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). *See also Farrel v. Johnson*, 189 F.3d 470 (5th Cir. 1999) (unpublished) (deciding that the district court properly construed a petition as a habeas corpus action rather than a civil action under 42 U.S.C. § 1983). Plaintiff insists he is entitled to a six-month placement in the RRC under the SCA. The six-month period leading up to Plaintiff's presumptive release date has already commenced. Accordingly, in the interest of reaching Plaintiff's claims before they become moot, the Court *sua sponte* will determine the nature of the action, taking into account Defendant's position[6] that, under the facts alleged, Plaintiff fails to state a claim under 42 U.S.C. § 1983, *Bivens*, or the Administrative Procedures Act and examining whether this position has merit.

Defendant's position with respect to § 1983 is correct. As a matter of law, a federal prisoner has no recourse to § 1983 for his claims. To prevail on a § 1983 claim, the plaintiff must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws*

---

[6] Although Defendant's "Motion to Dismiss and Alternative Motion for Summary Judgment is moot in light of the fact that Plaintiff filed an Amended Complaint, the Amended Complaint does little more than add a claim under *Bivens*. Accordingly, Defendant's position that Plaintiff's challenge is not properly brought under § 1983, *Bivens*, or the Administrative Procedures Act should remain the same.

3

*v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). Moreover, "actions of the Federal Government and its officers are at least facially exempt from [1983's] proscriptions." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). Accordingly, "federal officials, acting under color of federal law rather than state law, are not subject to suit under § 1983." *Resident Council of Allen Parkway Village v. United States*, 980 F.2d 1043, 1053 (citing *Broadway v. Block*, 694 F.2d 979 (5th Cir. 1982)) (holding that no § 1983 claim was stated against HUD because it is a federal agency that acts under federal law).

Although the federal counterpart to § 1983 lies with a claim under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), as Defendant's Motion to Dismiss correctly points out, a *Bivens* action does not lie against the BOP or the federal government. *See Chimney v. United States,* No. 4:05-CV-261-Y, 2005 WL 2219259, at *2 (N.D. Tex. Sept.9, 2005). Accordingly, Plaintiff's Amended Complaint cannot be construed as a *Bivens* action.

Similarly, although the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.,* may provide a proper basis for a civil action in some circumstances, *see Richmond v. Scibana,* 387 F.3d 602, 605-606 (7th Cir. 2004) (discussing when a claim may arise under the APA), it provides no basis for challenging decisions made pursuant to 18 U.S.C. § 3621(b), *see* 18 U.S.C. § 3625 (specifically stating that the APA is inapplicable "to the making of any determination, decision, or order under this subchapter", *i.e.,* §§ 3621-26); *Chimney,* 2005 WL 2219259, at *2. Under the facts Plaintiff alleges here, neither § 1983, *Bivens*, nor the Administrative Procedures Act provide avenues of relief.

The Court will now consider whether this action to contest Plaintiff's RRC placement may be properly construed as a habeas corpus action pursuant to 28 U.S.C. § 2241. In petitions

4

challenging denial or delay of placement in RRC, Defendant has argued that § 2241 provides no jurisdictional basis for such actions because the petitioner is challenging where he should serve his sentence rather than the fact or duration of his custody. *See Grote v. Berkebile*, No. 3:07-CV-0863-B (BF), 2007 WL 4302933, at *2 (N.D. Tex. 2007) (habeas corpus petitioner claiming the BOP categorically denied him placement on home confinement or in a halfway house without an individualized review of the factors mandated by 18 U.S.C. § 3621(b)). In *Grote*, this Court, affirming that subject matter jurisdiction is proper under § 2241, noted that the District court specifically rejected Defendant's position in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N (BH), 2007 WL 942091, at *3 (N.D. Tex. Mar. 28, 2007) and found no reason to diverge from its prior decision. *Grote v. Berkebile*, No. 3:07-CV-0863, 2007 WL 4302933 (N.D. Tex. Dec. 5, 2007) (findings, conclusions, and recommendation accepted by District court); *Bell v. Berkebile*, No. 3:07-CV-1067-B, 2007 WL 3333196, *1-2 (N.D. Tex. Nov. 9, 2007) (same); *Espinoza v. Berkebile*, No. 3:07-CV-0737-B (BF), 2008 WL 2485163, at *1 n.1 (N.D. Tex. June 13, 2008) (same); *Archibald v. Berkebile*, No. 3:07-CV-1672-K (BF), 2008 WL 540699, at *1 n.1 (N.D. Tex. Feb. 24, 2008) (same). Although the Fifth Circuit Court of Appeals has not addressed this issue, a sister circuit held that a challenge to BOP regulations governing placement in a CCC is a proper challenge to the execution of the inmate's sentence and is therefore properly brought pursuant to § 2241. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005). Confinement in a traditional federal prison is "qualitatively different" from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. *Id.* at 243-44. As previously noted, federal prisoners have no avenue of relief other than § 2241. Construing Plaintiff's Amended Complaint liberally, the Court finds that this action challenging his RRC placement is

properly brought as a habeas corpus action pursuant to 28 U.S.C.§ 2241.

## Analysis

The SCA was enacted on April 9, 2008; it amended 18 U.S.C. § 3624(c). The amendment authorizes the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than limiting the pre-release to an RRC to no more than the final six months of a sentence. *See Montes v. Sanders*, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008). Plaintiff alleges that based upon passage of the Adam Walsh Act, the BOP has a "policy" that sex offenders may only be recommended for 30 to 60 days of RRC or "Halfway House" placement. The Adam Walsh Child Protection and Safety Act included a provision for the civil commitment of sexually dangerous persons due for release from BOP custody. 18 U.S.C. § 4248. To initiate court commitment proceedings, the BOP must certify an inmate as a "sexually dangerous person" as specified in the statute. BOP staff reviewed Plaintiff's suitability for a civil commitment and determined that he did not meet the definitional criteria of a sexually dangerous person. (Gov. Ex. 1 at 4.) Both Plaintiff and Defendant agree that there is "<u>nothing</u> in the [Adam Walsh Act] that the BOP could construe as giving authority to limit an offender's halfway house duration." (Pl.'s Compl. at 9 (original emphasis); Def.'s MSJ at 7.) Nor is there any evidence that the BOP has construed the Adam Walsh Act to limit a sex offender's halfway house duration. Plaintiff himself mentions a case in which a sex offender incarcerated at FCI Seagoville received more than 30-60 days in a halfway house. *See, e.g., Schindler v. Berkebile*, No. 3:08-CV-01464, 2009 WL 35048 (N.D. Tex. 2009) (mentioning that Unit Team at FCI Seagoville recommended that an inmate who was serving a 70-month prison sentence for trafficking in material involving the sexual exploitation of a minor be placed in a halfway house during the last 90-120 days of his sentence).

The terms of 18 U.S.C. § 3621(b) require prison authorities to consider five specific factors in designating a place of imprisonment. Those factors are:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

> (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28.

18 U.S.C. § 3621(b).[7] Plaintiff asserts that the prison staff violated the terms of the SCA by failing to apply to him the five enumerated factors of 18 U.S.C. § 3621(b). Plaintiff's "Institutional Referral

---

[7] With one exception, every judge in this district who has considered the issue has held that the BOP may not categorically limit its ability to consider the factors established by Congress for making placement and transfer determinations, including placement in a halfway house or CCC. *See Mihailovich*, 2007 WL 942091; *Briggs v. Van Buren*, No. 4-06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct.16, 2007); *Grote*, 2007 WL 4302933; *Bunch v. Berkebile*, No. 3-07-CV-0719-B, 2008 WL 323153 (N.D. Tex. Feb. 6, 2008); *Crawford v. Berkebile*, No. 3-07-CV-0791-B, 2008 WL 323155 (N.D. Tex. Feb. 6, 2008), Respondent's app. docketed, No. 08-10312 (Apr. 4, 2008) and voluntarily dismissed (May 16, 2008); *Archibald v. Berkebile*, No. 3-07-CV-1672-K, 2008 WL 540699 (N.D. Tex. Feb. 24, 2008); *Griffin v. Berkebile*, No. 3-07-CV-0730-B, 2008 WL 623343 (N.D. Tex. Mar. 5, 2008); *Richardson v. Berkebile*, No. 3-07-CV-0732-B, 2008 WL 623348 (N.D. Tex. Mar. 5, 2008); *Monigold v. Berkebile*, No. 3-07-CV-0750-B, 2008 WL 623350 (N.D. Tex. Mar. 5, 2008); *Flores v. Berkebile*, No. 3-07-CV-0778-B, 2008 WL 623385 (N.D. Tex. Mar. 5, 2008); *Maldonado v. Berkebile*, No. 3-07-CV-0779- B, 2008 WL 623388 (N.D. Tex. Mar. 5, 2008); *Philippi v. Berkebile*, No. 3-07-CV-0786-B, 2008 WL 623390 (N.D. Tex. Mar.5, 2008); *Miller v. Berkebile*, No. 3-07-CV-0712-B, 2008 WL 635552 (N.D. Tex. Mar.10, 2008), Respondent's app. docketed, No. 08-10324 (Apr. 9, 2008) and voluntarily dismissed (May 15, 2008); *Cadotte v. Berkebile*, No. 3-07-CV-0799-B (N.D. Tex. Mar. 5, 2008); *but see Tischendorf v. Buren*, No. 4-07-CV-0273-A, 526 F.Supp.2d 606 (N.D. Tex. 2007)(disagreeing with prior holdings in *Mihailovich* and *Briggs*), appeal dismissed as moot 285 Fed. Appx 154 (unpublished).

for CCC Placement" form categorically demonstrates that Plaintiff "received an individualized review for RRC consideration according to the guidelines of U.S.C. 18:3621(b)." (Resp.'s Mot., Ex. 1 at 4.) Nevertheless, Plaintiff insists that the BOP's failure to provide him with a written explanation of how the prison staff applied each of the five factors to him constitutes an illegal review. Plaintiff does not present any legal authority that requires a written explanation of the BOP's reasoning with respect to application of each of the five factors. In the absence of such authority and absent a scintilla of admissible evidence that the BOP had a policy that 30-60 days was the maximum time a sex offender incarcerated at FCI Seagoville could receive in a halfway house under the SCA, Plaintiff's § 2241 petition should be dismissed with prejudice.

**SO RECOMMENDED**, February 5, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).